**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL BRANDON STORY,

                          Plaintiff,

   v.                                            No. 1:24-CV-00627

NATIONAL SECURITY AGENCY,                (MAD/CFH)

                          Defendant.

---

**APPEARANCES:**

MICHAEL BRANDON STORY
56 Shelterwood Road
Apartment A
East Greenbush, New York 12061
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. Magistrate Judge**

## REPORT-RECOMMENDATION & ORDER

### I. In Forma Pauperis

Plaintiff pro se Michael Brandon Story ("plaintiff") commenced this action (No. 1:24-CV-00623) on May 6, 2024, by filing a complaint. See Dkt. No. 1 ("Compl.").[1] In lieu of paying this Court's filing fee, he submitted an application for leave to proceed in

---

[1] Plaintiff has also filed several other actions in this Court, all of which he filed on May 6, 2024, and May 7, 2024. These actions are pending review before this Court. See Story v. Federal Communications Commissions, No. 1:24-CV-00625 (MAD/CFH) (Report-Recommendation recommending dismissal without leave to amend pending review); Story v. Fort Gordon, United States Military, No. 1:24-CV-00626 (MAD/CFH) (Report-Recommendation recommending dismissal without leave to amend pending review); Story v. Central Intelligence Agency, No. 1:24-CV-00631 (MAD/CFH). The following cases have been deemed related by the Court: 1:24-CV-00623, 1:24-CV-00625, 1:24-CV-00626, 124-CV-00627, 1:24-CV-631, 1:24-CV-632. See Dkt. No. 5. On August 5, 2024, plaintiff filed a notice of voluntary dismissal in 1:24-CV-623, Story v. Federal Bureau of Investigation, and 1:24-CV-632 and Story v. Federal Bureau of Investigation. See Dkt. No. 6 (both cases). On August 8, 2024, the Court entered orders voluntarily dismissing both cases. See Dkt. No. 7 (both cases).

forma pauperis ("IFP").  See Dkt. No. 2.  The undersigned has reviewed plaintiff's IFP application and determines that he financially qualifies to proceed IFP.[2]  Thus, the Court proceeds to its review of the complaint pursuant to 28 U.S.C. § 1915.

## II. Initial Review

### A. Legal Standards

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994).  As the Second Circuit stated,

> There are many cases in which we have said that a pro se litigant is entitled to "special solicitude," that a pro se litigant's submissions must be construed "liberally," and that such submissions must be read to raise the strongest arguments that they "suggest[.]" At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro

---

[2] Plaintiff is advised that, although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

> se litigant's allegations, or arguments that the submissions themselves do not "suggest," that we should not "excuse frivolous or vexatious filings by pro se litigants," and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law[.]"

Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191-92 (2d Cir. 2008).

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure [('Fed. R. Civ. P.')]." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994)). Pleading guidelines are provided in the Federal Rules of Civil Procedure. Specifically, Rule 8 requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought. . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Allegations that "are so vague as to fail to give the defendants

3

adequate notice of the claims against them" are subject to dismissal.  Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).

Further, Fed. R. Civ. P. 10 provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id.  (citations omitted).

This Court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000).  "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal

theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" Aguilar v. United States, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D.Conn. Nov. 8, 1999) (quoting Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir.1998)); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis.").

### C.  Complaint

Using a civil form complaint, plaintiff's complaint states that he is experiencing "[e]ncroachment from the global surveillance satellite system."  Compl. at 4.  Plaintiff states that the basis for this Court's jurisdiction is federal question and that the "specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," are "Encroachment under Article 12, 14, 3, 15, 16, 17, 18 of the privacy laws."  Id. at 3.  Plaintiff lists as the sole defendant the National Security Agency which he states is located at "Fort George G. Meade, MD."  Id. at 2.  Plaintiff demands $250,000,000.  See id. at 4.  On the civil cover sheet, plaintiff checks the following boxes to indicate the nature of his suit (1) Torts, Personal Property, Other Personal Property Damage, and (2) Civil Rights, Other Civil Rights.  See Dkt. No. 1-1.  Plaintiff also indicates on the civil cover sheet, under "cause of action," "Encroachment privacy laws Article 12, 14, 3, 15, 16, 17, 18" and "Encroachment from the global surveillance satellite system."  Id.

### D. Analysis[3]

---

[3]  Although the Court generally provides copies of unpublished decisions to pro se plaintiffs, copies of some cases cited herein will not be provided to plaintiff because the Court sent plaintiff these cases in connection with another of his cases filed a few weeks earlier.  See Story v. Federal Communications Commissions, No. 1:24-CV-00625 (MAD/CFH).  Thus, to provide another set of copies would be a waste

5

Initially, it is plain that plaintiff's complaint fails to meet the requirements of Fed. R. Civ. P. 8 and 10. It does not set forth claims in numbered paragraphs and, more significantly, does not set forth claims with sufficient detail to give defendant notice of the claim against it. Sheehy, 335 F. App'x at 104. The complaint provides no detail, context, or time frame. Plaintiff also does not provide a "short and plain statement of the grounds for the court's jurisdiction." FED. R. CIV. P. 8; Lamothe v. Brown, 5:22-CV-161 (TJM/CFH), 2023 WL 316013, at *8 (D. Vt. Jan. 19, 2023) ("The lack of factual support, context, or clear statements of the claims and explanations as to how each defendant is personally involved in the alleged violation of each area of law or right asserted renders plaintiff's complaint plainly violative of Rule 8[.]"). In referring to the "global satellite surveillance system," plaintiff appears to be suggesting that the National Security Agency is "encroaching" on his privacy by monitoring him with global satellites. See Compl. at 4. Plaintiff's complaint amounts to a couple of sentences that provides the Court with almost no factual context or support. See Compl. As a result, it is not possible for the Court to make sense of his claim. However, reading the complaint liberally, the undersigned attempts to ascertain whether plaintiff has set forth any viable claim.

Although plaintiff does not cite to the United States' Constitution, out of special solicitude, the undersigned has considered whether plaintiff may be attempting to raise a claim pursuant to the Fourth Amendment right against unreasonable searches or

---

of resources and is unnecessary. Plaintiff is directed to the unpublished cases provided with the Report-Recommendation & Order in Story v. Federal Communications Commissions, No. 1:24-CV-00625 (MAD/CFH). Only those cases cited within this Report-Recommendation & Order that were not provided along with plaintiff's prior recent cases will be sent to plaintiff at this time.

Fourteenth Amendment right to privacy.  However, even if plaintiff did seek to proceed under the Fourth Amendment, plaintiff does not specify whether he contends that he is being surveilled in his home, when he is driving his vehicle, or operating in public spaces.  There is no reasonable expectation of privacy in public areas and "[a] person travelling [sic] in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another."  United States v. Knotts, 460 U.S. 276, 281, 103 S.Ct. 1081, 75 L.Ed.2d 55 (1983); see also Katz, 389 U.S. at 351, 88 S.Ct. 507 ("What a person knowingly exposes to the public . . . is not a subject of Fourth Amendment protection.").   Arial surveillance of a residence is also not a violation of the Fourth Amendment.  See California v. Greenwood, 486 U.S. 35, 108 S.Ct. 1625 (1988); California v. Ciraolo, 476 U.S. 207, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986).

      Beyond any constitutional claims, the undersigned is unable to determine to what plaintiff is referring when he cites "Article 12, 14, 3, 15, 16, 17, 18 of the privacy laws," as plaintiff offers no context or further elaboration in his complaint.  Compl. at 3.[4] Although not certain, it is possible that plaintiff is attempting to cite the United Nations Universal Declaration of Human Rights[5] "which is a non-binding declaration that provides no private rights of action."  United States v. Chatman, 351 F. App'x 740, 741 (3d Cir. 2009) (summary order) (citing Sosa v. Alvarez–Machain, 542 U.S. 692, 734 (2004) (explaining that the Universal Declaration is not a treaty or international agreement that imposes any legal obligations or rights enforceable in federal court).

---

[4] Plaintiff also appeared to refer to these same privacy "articles" in one of the cases he voluntarily dismissed, but that complaint also does not provide any further detail or clarification.  See Story v. Federal Bureau of Investigation, 1:24-CV-00623, Compl. at 3.
[5]   This document has articles 3, 12, 14, 15, 16, 17, 18, and Article 12 appears to relate to privacy.  See United Nations Universal Declaration of Human Rights.  https://www.un.org/en/about-us/universal-declaration-of-human-rights (last visited Oct. 7, 2024).

Thus, even if it is relevant to the issue of privacy, its alleged violation is not subject to review before this Court.

Alternatively, he may be referring to the General Data Protection Regulation, a set of European Union privacy laws that do not apply to the United States.  See Commission Regulation 2016/679, of General Data Protection Regulation, 2018 O.J., available at https://gdpr-info.eu/ (last visited Oct. 7, 2024).  Thus, even if this is the basis for plaintiff's claims, he cannot seek any relief in this Court for any alleged violations.

In referencing "articles," the undersigned also considers that plaintiff might be intending to refer to the New York State Constitution, as it does contain such articles. However, Article 3 of the New York State Constitution refers to the legislature; Article 12 to defense; Article 14 to conservation of lands, reservoirs, natural resources; Article 15 to canals, Article 16 to taxation, Article 17 to Social Welfare, and Article 18 to Housing. Nothing within these articles, even in the most general sense, relates to privacy.  Thus, there is nothing in any of these cited portions of the New York State Constitution that relate to privacy.

Even if the Court could ascertain the basis or bases of plaintiff's claims, the claims likely fail as plaintiff seeks to sue the National Security Agency, which as an agency of the United States government, is subject to sovereign immunity absent a waiver.  "To begin with, the doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived."  Cox v. New York State, No. 1:23-CV-0060 (MAD/CFH), 2023 WL 2770368, at *5 (N.D.N.Y. Apr. 4, 2023), report and

recommendation adopted, No. 1:23-CV-00060 (MAD/CFH), 2023 WL 6862505 (N.D.N.Y. Oct. 18, 2023) (citation omitted).

> To the extent plaintiff seeks to sue the United States or federal agencies for . . . violations of his constitutional rights, regardless of the form of relief requested, plaintiff cannot proceed under Bivens. See, e.g., Perez v. Hawk, 302 F. Supp. 2d 9, 18 (E.D.N.Y. 2004) ("[T]he United States is immune from constitutional tort claims against the United States, its agencies, or federal employees sued in their official capacities."); Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). Further, even if plaintiff had properly named individual federal officers as defendants – which he has not – very few constitutional claims can proceed under Bivens. The Supreme Court has held that Bivens allows claims with respect to two additional and specific constitutional claims: pursuant to the Fifth Amendment relating to sex discrimination in employment and the Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment to a federal prisoner.

Cox, 2023 WL 2770368, at *6. Here, plaintiff has not named any federal officers. Even if he could amend to identify individual officers, despite the sparseness of the complaint, it is clear that even under the most liberal interpretations, he has not raised claims that would fall into these narrow Bivens exceptions to sovereign immunity. See Compl.

The Supreme Court of the United States has held that a claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that "§ 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). Many Courts, including those in this Circuit, have dismissed satellite surveillance claims by the government as frivolous. See, e.g., Quarles v. Murphy, 17-CV-76 (AMD), 2017 WL 5558644 (E.D.N.Y. Mar. 6, 2017) (holding that the plaintiff's claims of FBI surveillance,

9

including allegations of audio and video surveillance, "rise to the level of the irrational or the wholly incredible."). The undersigned concludes that plaintiff's assertions of satellite monitoring by the National Security Agency "rise to the level of irrational or the wholly incredible." Id. Accordingly, it is recommended that the action be dismissed as "frivolous or malicious" pursuant to 28 U.S.C. 1915(e)(2)(B)(i).

Although the district court generally affords a pro se plaintiff at least one opportunity to amend prior to outright dismissal, this is not required when, as where, it is clear that any attempt to amend would be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Dolan v. Connolly, 794 F.3d 290, 295 (2d Cir. 2015). Plaintiff has failed to meet the pleading requirements and his claims are "essentially fictitious[.]" Hines v. United States, No. 6:19-CV-06837 (MAT), 2020 WL 570605, at *2 (W.D.N.Y. Feb. 5, 2020). Plaintiff's complaint is "so attenuated and unsubstantial as to be absolutely devoid of merit[.]'" Hines, 2020 WL 570605, at *2. As no better pleading would cure these defects, the undersigned recommends dismissal without leave to amend. See, e.g., Sherven v. United States, No. 1:23-CV-02912 (UNA), 2023 WL 7128466, at *1 (E.D.Ca. Oct. 27, 2023) (dismissing a case following initial review when "the facts alleged rise to the level of the irrational or the wholly incredible, or postulat[e] events and circumstances of a wholly fanciful kind[.]") (internal quotation marks and citations omitted). Plaintiff's allegations are clearly "'a case[] in which the complaint[s are] so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Lamothe, 2023 WL 316013, at *7 (quoting Salahuddin, 861 F.2d at 42 (citations omitted)); Hatser, 2018 WL 816846, at *3 ("Even in light of the special solicitude to be accorded to pro se plaintiffs' complaints, 'courts cannot read into

10

pro se submissions claims that are not consistent with the pro se litigant's allegations[.]'") (quoting Giamattista v. Am. Airlines, Inc., 584 F. App'x. 23, 25 (2d Cir. 2010) (summary order)).

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) be **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED without prejudice and without leave to amend**, and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation & Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a).

Dated: October 9, 2024
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge