UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL BRANDON STORY,

                           **Plaintiff,**

  vs.                                               1:24-CV-00627
                                                        (MAD/CFH)
NATIONAL SECURITY AGENCY,

                          **Defendant.**
_____

APPEARANCES:                              OF COUNSEL:

**MICHAEL BRANDON STORY**
56 Shelterwood Rd
Apt. A
East Greenbush, New York 12061
Plaintiff *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

On May 6, 2024, *pro se* Plaintiff Michael Brandon Story ("Plaintiff") filed a complaint alleging wrongdoing by Defendant National Security Agency ("NSA" or "Defendant"), *see* Dkt. No. 1, and a motion for leave to proceed *in forma pauperis* ("IFP"), Dkt. No. 2.[1] Specifically, Plaintiff states that his claim is for "[e]ncroachment from the global surveillance satellite system." Dkt. No. 1 at 4. Plaintiff indicates that the basis for this Court's jurisdiction is a Federal Question and, in reference to "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff states, "[e]ncroachment under Article [sic] 12, 14, 3, 15, 16, 17, 18 of the privacy laws." Dkt. No. 1 at 3.

---

[1] The following cases, filed by Plaintiff, have been deemed related by the Court: 1:24-CV-00623, 1:24-CV-00625, 1:24-CV-00626, 1:24-CV-00631, 1:24-CV-00632, and 1:24-CV-01346. *See* Dkt. No. 5; *Story v. United States*, 1:24-CV-01346, at Dkt. No. 5.

On October 9, 2024, Magistrate Judge Hummel issued a Report-Recommendation & Order granting Plaintiff leave to proceed IFP and recommending that Plaintiff's complaint be dismissed without prejudice and without leave to amend, pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* Dkt. No. 6.

Plaintiff has not filed any objections to the Report-Recommendation & Order. When a party declines to file an objection, the Court reviews a recommendation for clear error. *See O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because Plaintiff has not filed an objection, the Court will review the recommendation for clear error.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has stated that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely "because of their lack of legal training." *Id.* (quoting *Traguth v. Zuck*, 710 F. 2d 90, 95 (2d Cir. 1983)).

The Court finds no clear error in Magistrate Judge Hummel's Report-Recommendation & Order. Dismissal is appropriate because, even given special solicitude, Plaintiff's claims are frivolous and the complaint does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Magistrate Judge Hummel correctly determined that Plaintiff's complaint fails to meet the requirements of Rules 8 and 10 because "[i]t does not set forth claims in numbered paragraphs and, more significantly, does not set forth claims with sufficient detail to give defendant notice of

the claim against it." *See* Dkt. No. 6 at 6 (citation omitted).  Indeed, "[t]he complaint provides no detail, context, or time frame" for the alleged "surveillance." *Id.*  Neither has Plaintiff provided a "'short and plaint statement of the grounds for the court's jurisdiction.'" *Id.* (quotation omitted).

The Court finds no clear error in the recommendation that Plaintiffs claims be dismissed because they are "frivolous or malicious." *Id.* at 10.  Indeed, Plaintiff's claims, based upon supposed satellite surveillance, are similar to those dismissed by many courts, including courts in this Circuit.  *See id.* at 9-10 (quoting *Quarles v. Murphy*, No. 17-CV-76, 2017 WL 5558644 (E.D.N.Y. Mar. 6, 2017) (holding that the plaintiff's claims of FBI surveillance, including allegations of audio and video surveillance, "rise to the level of the irrational or the wholly incredible")).

Magistrate Judge Hummel is also correct that Plaintiff provides no context or factual support for his purported claims.  *See* Dkt. No. 6 at 6-7.  Even construing the complaint to state a claim for unreasonable searches pursuant to the Fourth Amendment—despite lack of citation or reference thereto—such a claim would fail because Plaintiff does not contend that he is being surveilled in his home,[2] and "[t]here is no reasonable expectation of privacy in public areas and '[a] person travelling [sic] in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another.'" *Id.* at 7 (quoting *United States v. Knotts*, 460 U.S. 276, 281 (1983)).  Additionally, the Court finds no clear error on Magistrate Judge Hummel's conclusion that Plaintiff could not state a claim under the United Nations Declaration

---

[2] Even if Plaintiff had alleged the satellite surveillance was of his home, "[a]rial surveillance of a residence is also not a violation of the Fourth Amendment." Dkt. No. 6 at 7 (citing *California v. Greenwood*, 486 U.S. 35 (1988) and *California v. Ciraolo*, 476 U.S. 207 (1986)).

of Human Rights or the General Data Protection Regulations, for the reasons articulated in the Report-Recommendation & Order. *See id.* at 7-8.

Moreover, even if the Court could ascertain the basis of Plaintiff's claims, the Court finds no clear error in Magistrate Judge Hummel's recommendation that the complaint be dismissed because claims against the NSA, which is an agency of the United States government, are subject to sovereign immunity absent a waiver. *See id.* at 8-9. Plaintiff has the burden of demonstrating that sovereign immunity has been waived, *see Cox v. New York State*, No. 1:23-CV-0060, 2023 WL 2770368, *5 (N.D.N.Y. Apr. 4, 2023), *report and recommendation adopted*, No. 1:23-CV-00060, 2023 WL 6862505 (N.D.N.Y. Oct. 18, 2023), and the complaint is devoid of any allegations indicating such waiver, *see* Dkt. No. 1.

Finally, the Court finds no clear error in Magistrate Judge Hummel's conclusion that, although leave to amend would normally be appropriate, leave to amend should not be granted here because amendment would be futile. *See* Dkt. No. 6 at 10-11. Indeed, because the problems that plague the complaint are "'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). "When the basis for dismissal is a defendant's entitlement to immunity, for example, the pleading defects are 'substantive rather than formal and [] leave to amend would be futile.'" *Mahmood v. United States Gov't*, No. 1:20-CV-207, 2020 WL 3965125, at *2 (N.D.N.Y. Mar. 17, 2020), *report and recommendation adopted sub nom. Mahmood v. United States*, No. 1:20-CV-207, 2020 WL 1808206 (N.D.N.Y. Apr. 9, 2020) (quoting *Jackson v. Pfau*, 523 Fed. Appx. 736, 737 (2d Cir. 2013) (summary order)). Accordingly, finding no clear error,

the Court adopts the recommendation that this matter be dismissed without prejudice[3] and without opportunity to amend.

After carefully reviewing the Report-Recommendation & Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation & Order (Dkt. No. 6) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of Court shall enter judgment in Defendant's favor and close this case.

**IT IS SO ORDERED.**

Dated: November 21, 2024
Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[3] "A dismissal for lack of subject matter jurisdiction must be without prejudice, because 'without jurisdiction, the district court lacks the power to adjudicate the merits of the case.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, *2 (2d Cir. Sept. 15, 2022) (summary order) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016)).